Filed 4/6/23 P. v. Langston CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STANLEY MEADOW LANGSTON,<br><br>Defendant and Appellant. | E080335<br><br>(Super.Ct.No. 16CR027001)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. J. David Mazurek, Judge. Dismissed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2019, Stanley Meadow Langston pled guilty to attempted murder (Pen. Code, §§ 664/187, subd. (a))[1] and admitted he personally used a firearm. (§ 12022.53,

---

[1] Unlabeled statutory citations refer to the Penal Code.

1

subd. (b).) In August 2022 he filed a motion seeking resentencing under section 1172.75,[2] which the trial court denied. Langston appealed.

We appointed counsel to represent Langston on appeal, and counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227, 231 (*Delgadillo*).) Nevertheless, the court is to inform the defendant that he may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Langston's appeal presented no arguable issues, we offered Langston an opportunity to file a personal supplemental brief, and he did not.

_____

[2] Assembly Bill No. 200 (Reg. Sess. 2021-2022) renumbered former section 1171.1 as section 1172.75. (See Stats. 2022, ch. 58, § 12.) For clarity and consistency, we refer to section 1172.75 throughout this opinion.

However, a notice provided defendant may be "suboptimal" if the defendant "reasonably could have concluded" from it "that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233). Because that may be the case here, we have examined the record to ensure that the appeal lacks merit, and we can discern that it does. The appeal comes from the denial of the defendant's request for resentencing under section 1172.75. That section invalidates prior prison term enhancements imposed under section 667.5, subdivision (b), before January 1, 2020. Defendant's sentence does not include a prior prison term enhancement, only an enhancement for personal use of a firearm imposed under section 12022.53, subdivision (b). Defendant therefore is not entitled to the benefits of section 1172.75. With no arguments raised, the case may be dismissed. (*Delgadillo*, at p. 233.)

## DISPOSITION

We dismiss the appeal as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

RAMIREZ _____

P. J.

CODRINGTON _____

J.